## Patrick J. Maloney, Appellant, v. Frank H. Graham, Appellee.

### Gen. No. 17,050.

1. LIMITATIONS—*when begin to run for negligence of attorney.* Where it is claimed that an attorney was negligent in passing upon the title to certain real estate, an action against him is barred in five years from the date of such negligence and not from the date of a decision of the Supreme Court holding the client had no title.

2. ATTORNEY AND CLIENT—*when bad faith of attorney not established.* Where the title to real estate is attacked and the attorney who passed upon the title defends the action and is successful in the Circuit Court and the case is not reversed by the Supreme Court until years later, it cannot be contended in an action of negligence against the attorney that he must have known what the result of the litigation would be.

Appeal from the Circuit Court of Cook county; the Hon. KICK-HAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed June 14, 1912.

CHARLES C. SPENCER, for appellant.

EDWARD B. HEALY, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellant against the appellee, an attorney, for damages alleged to have been sustained by the negligence of appellee in passing upon the title to certain real estate, a deed to which was afterwards made to the appellant in exchange for property conveyed by him. The service was performed by Graham in 1894. The appellant, Maloney, took possession of the property, paid taxes and assessments on it, and borrowed money on it. On October 17, 1898, after appellant had started to build a fence upon it, certain adjoining property owners filed a bill against him and obtained an injunction against his further occupying the property. The injunction on hearing was dissolved and the bill dismissed. Thereupon the complainants in the bill sued out a writ of error from the Supreme Court, where the decree of the Circuit Court was reversed, the court holding (Thompson et al. v. Maloney et al., 199 Ill. 276) that the grantor to Maloney, and hence Maloney, had no right, title or interest in the property, but that it was a public street or way. In pursuance to the mandate of the Supreme Court a decree was entered by the Circuit Court on January 9, 1903, perpetually enjoining Maloney from occupying the premises or placing any buildings upon them, etc.

The suit upon which the present appeal is brought was begun in the Circuit Court on February 1, 1907. The declaration was filed May 9, 1907, and an amended declaration January 6, 1909. To this amended declaration a plea of the statute of limitations was interposed, and a replication filed.' At the close of the appellant's (plaintiff's) evidence the court directed a verdict for the defendant on the ground that the action was barred by the statute of limitations. To reverse the judgment so entered this appeal was brought.

As we understand the contention of appellant, it is that the statute does not begin to run, in cases like

the present, until the party injured is shown to have suffered damage; that because the appellant, Maloney, was not "damaged" until after the decision of the Supreme Court above referred to was rendered, the decree in the Circuit Court in conformity therewith entered, and he ousted from the property, his cause of action then, and not until then, arose. We cannot agree with appellant in this contention. The decisions in this jurisdiction are uniform that under such circumstances the action is barred in five years from the date of the alleged tort or breach of duty or omission of duty. Pennsylvania Co. v. C. M. & St. P. Ry. Co., 144 Ill. 197; Fortune v. English, 226 Ill. 262. As stated in Wilcox v. Ex'rs of Plummer, 4 Pet. (U. S.) 172:

"The ground of action is a contract to act diligently and skillfully, and the breach of it admits of a definite assignment of date, and from that date the statute must run."

In the case before us a suggestion is made by the appellant that the appellee was controlled by an ulterior motive when he advised Maloney that the title was good, namely, the hope of receiving $500 from the grantor. It is also stated that Graham took charge of the litigation for Maloney, and that he must have known at all times what the ultimate result would be. To the latter proposition we think it sufficient answer to say that in the Circuit Court Maloney was successful. It was not until years later, when the case was disposed of on writ of error in the Supreme Court, that Graham knew the view he had expressed as to the title was erroneous. Apparently the Circuit judge entertained the same view, and that was the law of the case until reversed by the Supreme Court. No attempt was made by the appellant either in the pleadings or the proof to bring the case within the exception set forth in section 22 of the statute of limitations, that is, that there was fraudulent concealment

on the part of appellee. We find nothing in the record indicating that Graham was paid $500 or any other sum by Pierpont, who was grantor in the deed to Graham.

We are satisfied that the Circuit Court has made a proper disposition of this case under the law, and the judgment will therefore be affirmed.

*Affirmed.*