TERRY J. KOHLER, Admr. of the Estate of Darrell Wayne Wattles, Deceased, Plaintiff-Appellee, v. WOOLLEN, BROWN & HAWKINS, a Co-Partnership, Defendants-Appellants.

THE FIRST NATIONAL BANK OF DECATUR, Admr. of the Estate of Ronald Lee Brown, Deceased, Plaintiff-Appellee, v. WOOLLEN, BROWN & HAWKINS, a Co-partnership, Defendants-Appellants.

(No. 11808;

Fourth District—December 13, 1973.

Hershey, Bliss, Beavers & Periard, of Taylorville (Charles E. Bliss, of counsel), for appellants.

Wilson, Dyar, Houchen & McDonald, of Decatur (Vernon H. Houchen, of counsel), for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendants appeal from two judgments entered upon jury verdicts of $17,500 and $16,000 in consolidated actions for legal malpractice. Defendants, a co-partnership of attorneys, had been employed by the administrators of the estates of Ronald Lee Brown and Darrell Wayne Wattles to seek recovery for the deaths sustained in an automobile accident.

The decedents were passengers in an automobile driven by George Campbell, and died on May 14, 1962. Campbell was uninsured, but the plaintiffs' decedents were each insured by Country Mutual Casualty Insurance Company policies which contained uninsured motorist coverage up to $25,000. Claims against the insurer were filed on January 8, 1963.

The testimony is that "in the summer of 1963, Country Mutual advised that it would not pay the claims. The defendants, as attorneys of record for the administrators, filed demands for arbitration on April 21, 1965.

In the hearing before the arbitrator, the issues of wilful and wanton conduct by the driver, contributory wilful and wanton conduct of the decedents and proximate cause were presented. The arbitrator awarded $17,500 to the administrator of Brown's estate and $16,000 to the administrator of Wattles' estate. The arbitrator's awards were entered on September 20, 1966, and were subsequently vacated in the circuit court on March 8, 1968, upon the sole ground that the demands for arbitration were not filed within two years from the death of the decedents as required by the Injuries Act (Ill. Rev. Stat. 1965, ch. 70, pars. 1 and 2.) This court affirmed in *Country Mutual Insurance Co. v. National Bank of Decatur* and *Country Mutual Insurance Co. v. Wattles,* 109 Ill.App. 2d 133, 248 N.E.2d 299.

Upon denial of a petition for leave to appeal in the Supreme Court, the mandate of this court was issued on December 18, 1969. On or about January 13, 1970, the administrators were notified by defendants that the proceedings could be deemed terminated and that there would be no recovery upon the wrongful death claims by the estates. Prior to that time defendants had assured the administrators that their legal position was sound, and that, "in defendants' opinion" they would eventually prevail. On May 22, 1970, defendants withdrew as attorneys for the administrator of Brown's estate, and the latter retained new counsel. On April 14, 1971, new counsel was retained by the administrator of Wattles' estate.

Complaints against the defendants were filed by the respective administrators alleging that defendants negligently and carelessly failed to file a demand for arbitration within two years of May 14, 1962, and that by reason of the negligence of defendants, the plaintiffs, as administrators, and the heirs of the decedents have lost the value of the arbitrator's awards. The respective actions for malpractice were filed on October 20, 1970 and April 20, 1971.

Upon this appeal, defendants claim that the plaintiffs failed to prove the essential elements of their claims, *i.e.,* the wilful and wanton conduct of the driver, Campbell; that decedents were free from contributory misconduct of like quality, and that Campbell's conduct was the proximate cause of the respective deaths. It is said that such proof is necessary to establish that had the defendants filed the demands for arbitration within the two year period the plaintiffs would have been legally entitled to recover under the contractual terms of the respective insurance policies. It is contended that since the arbitration findings were

vacated, such are now a legal nullity and that nothing in this record shows that plaintiffs were entitled to recover.

Plaintiffs contend that in this malpractice action they need only allege and prove that the arbitrator had decided in favor of plaintiffs upon the essential elements of recovery. The trial court stated that he would conduct the trial upon the theory that if the claims for arbitration had been filed in time, the arbitrator's awards would be in effect and that such awards were lost by reason of the alleged negligence of defendants.

■■ In an action for legal malpractice a plaintiff has the burden of showing the validity of the demand which he lost and that it could have been realized if the attorneys had not been negligent. (*Goldzier v. Poole*, 82 Ill.App. 469; *Piper v. Green*, 216 Ill.App. 590.) In *Trustees of Schools v. Schroeder*, 2 Ill.App.3d 1009, 278 N.E.2d 431, it is said that the plaintiff has the burden of proving that but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question.

In *Country Mutual Insurance Co. v. National Bank of Decatur* and *Country Mutual Insurance Co. v. Wattles*, 109 Ill.App.2d 133, 248 N.E.2d 299, it was determined that the claims filed in arbitration were barred by the expiration of the two year limitation provided in the Injuries Act, so that the arbitrator had no power or authority to do anything but deny the claims. The complaints alleged and the answers admitted that the policies of Country Mutual provided that the decision of the arbitrator was final and that no appeal could be taken therefrom, and that the only basis for the loss of the award was that the arbitrator had exceeded his jurisdiction because the Statute of Limitations had expired.

■■ Defendants, having prosecuted the claims for arbitration and procured the awards, come within the rule that they are estopped to deny a state of fact procured through their own conduct and acts. (*Gebhardt v. Reeves*, 75 Ill. 301.) It appears that the defendants continued to assert the validity of the awards throughout the proceedings before the arbitrator, in the circuit court and in the Appellate Court and until the denial of leave to appeal by the Supreme Court. Estoppel is defined as a bar or impediment raised by the law precluding a party from alleging or denying a state of facts as a consequence of his previous allegations or conduct. (Black's Law Dictionary.) It was not error to admit the arbitrator's awards into evidence.

■■ Defendants contend, under their affirmative defense, that the causes of action were barred by the two-year Statute of Limitations found in Ill. Rev. Stat. 1971, ch. 83, par. 15. Under such contention, the causes for malpractice accrued two years after decedents' deaths and the action would be barred on May 16, 1966. The statute relied upon by

defendants provides that actions for "damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued." It has been held that the limitations of ch. 83, par. 15, applied only to those cases where defendant is suing for direct physical or mental injury. (*Doerr v. Villate* (1966), 74 Ill.App.2d 332, 220 N.E.2d 767.) In *Johnson v. Hi-Way Dispatch, Inc.* (E. D. Ill. 1972), 352 F.Supp. 929, it was held that a suit for damages sustained by a family member by virtue of the personal injuries of a member of the family is not a suit for damages for injury to the person and subject to the two-year statute provided. Rather, such cause of action falls within the class of "civil actions not otherwise provided for", as found in Ill. Rev. Stat. 1971, ch. 83, par. 16. In *Maloney v. Graham* (1912), 171 Ill.App. 409, the five-year Statute of Limitations now found in ch. 83, par. 16, was held to apply to a malpractice action against an attorney.

The defendants contend that the Statute of Limitations concerned commenced to run at the time when defendants' negligence occurred, *i.e.*, on May 14, 1964, when the two year period for a wrongful death action had expired. Plaintiffs urge that their cause of action for legal malpractice occurred when the administrators discovered their causes of action or should reasonably have discovered them. Under such contention, plaintiffs' causes of action accrued in January, 1970, at which time defendants advised the administrators that they would not be able to recover.

It has heretofore been held in Illinois that a cause of action for legal malpractice arises at the time of the negligent act. (*Maloney v. Graham,* 171 Ill.App. 409.) This holding is in accord with the general rule that a statute of limitations for legal malpractice begins to run at the time of the attorney's negligence. Upon such rule, this event occurred at the time the clients causes of action became barred. (See Annot. 18 A.L.R.3d 978.) However, the Illinois Supreme Court has recently adopted the "discovery" rule in medical malpractice cases, although the majority of jurisdictions had not done so. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill.2d 32, 262 N.E.2d 450.) The same court has applied the same rule in an action against a surveyor for professional negligence. (*Rozny v. Marnul* (1969), 43 Ill.2d 54, 250 N.E.2d 656.) In *Lipsey*, the Supreme Court pointed out that there was no legislative determination which prohibited the adoption of the "discovery" rule, but rather the legislature had left undetermined the time at which the cause of action accrued and that the courts had actually effected such determination. It was thereupon held that the cause of action for medical malpractice accrues when the injured person learns of the injury, or should reasonably have learned of it. Such holding overruled two decisions by the appellate

court holding that the action accrued "at the time of negligence". The Supreme Court quoted the language:

> " 'It is manifestly unrealistic and unfair to bar a negligently injured party's cause of action before he has had an opportunity to discover that it exists.' "

In *Neel v. Magana* (1971), 6 Cal.3d 176, 98 Cal. Rptr. 837, 491 P.2d 421, the plaintiffs appealed from a summary judgment against them which was based upon the rule that a cause of action for malpractice by an attorney arises, and the limitations period commences, at the time of the negligent act. The California Supreme Court held that a cause of action for legal malpractice does not accrue until the client discovers, or should discover, the facts establishing the elements of his cause of action. The court stated that in cases of malpractice of an attorney, as well as in cases of malpractice by other professionals, postponement of the period of limitation until discovery finds justification in the special nature of the relationship between the attorney and his client. The court reasoned that a client may not recognize the negligence of the professional when he sees it, and if he must ascertain malpractice at the moment of its occurrence, the client must hire a second professional to check the work of the first, which would be an impractical duplication and would destroy the confidential relationship between the practitioner and his client.

Again, in *Downing v. Vain* (1969, Ct. of Appeals, Fla.) 228 So.2d 622, the attorney failed to commence an action for malicious prosecution until after the running of the statute of limitations on March 24, 1964. However, it was not until March, 1967, that plaintiff was notified that his cause of action had been dismissed for untimely filing. That court held that since the plaintiff has no knowledge of the fact that a cause of action had accrued in his favor against his attorney until he was notified of the dismissal of his cause of action against the third party in 1967, the statute of limitations for malpractice did not start to run until the defendant's negligence became known to the plaintiff.

■■■ All of the reasons in the cited cases apply to this case, and we hold that a cause of action for legal malpractice has not accrued until the client discovers, or should have discovered, the facts establishing the elements of his cause of action. Upon such conclusion, the complaints were timely filed.

During closing arguments, the plaintiffs' attorney commented that the defendants had not produced expert witnesses to testify to the legal knowledge and skill required by the law in a situation out of which this action for malpractice arises. The defendants contend that such comment was prejudicial error. In an action for legal malpractice against

an attorney, expert testimony is necessary to show that the defendant did not use that degree of skill and care used by other skillful and reputable lawyers in such cases. (*Olson v. North* (1934), 276 Ill.App. 457; *Dorf v. Relles* (7th Cir. 1966), 355 F.2d 488.) The plaintiffs in this case produced such expert witnesses. The defendants introduced no evidence upon this issue.

The defendants claim that the trial court erred in the giving and refusing of certain instructions. Most of these contentions are based upon defendants' theory which would require the jury to decide the issues of wilful and wanton conduct of the automobile driver, contributory wilful and wanton conduct, and proximate cause. These issues are not now viable.

██ Defendants also contend that the trial court erred in refusing to give Defendants' Instruction No. 6. However, Defendants' Instruction No. 6 is virtually identical to Plaintiffs' Instruction No. 1, which was given, except that Plaintiffs' Instruction No. 1 contains a reference to the word "malpractice". Both instructions are legal malpractice adaptations of IPI Instruction No. 105.01, which instructs upon professional negligence as applied to the medical profession. Since defendants do not claim that the giving of Plaintiffs' Instruction No. 1 was error, and since Plaintiffs' Instruction No. 1 contains all of Defendants' Instruction No. 6, the defendants have not shown any prejudice in this regard.

The judgment of the circuit court is affirmed.

Judgment affirmed.

SMITH, P. J., and SIMKINS, J., concur.