ROBERT J. TUCEK, Plaintiff-Appellant, v. THOMAS W. GRANT, Defendant-Appellee.

Second District   No. 83—958

Opinion filed December 10, 1984.

John S. Biallas, of Neri & Hochberg, of St. Charles, for appellant.

John R. Williamson and D. Kendall Griffith, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, Robert J. Tucek, sued the defendant, attorney Thomas W. Grant, for legal malpractice in the circuit court of Kane County. His complaint was dismissed with prejudice by the trial court for the reasons that the complaint was barred by the statute of limitations and failed to state a cause of action.

Plaintiff appeals, contending (1) that he has stated a cause of action for legal malpractice; and (2) that his complaint was filed timely under the provisions of section 13—215 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—215).

On March 29, 1983, the plaintiff filed a one-count complaint for legal malpractice against the defendant, attorney Thomas W. Grant. According to the allegations of the plaintiff's complaint, the plaintiff entered into an oral contract with the defendant, a licensed attorney, on or about August 2, 1976; Tucek retained attorney Grant to represent him in the purchase of certain real estate and in annexing the property to the city of Sandwich (city). Sometime after August 9, 1976, the plaintiff directed attorney Grant to prepare a document titled "Articles of Agreement for Warranty Deed" in connection with the purchase of the real estate; at that time, Tucek instructed attorney Grant to include in that agreement a clause making the purchase of the property contingent upon its being annexed to the city in conformity with the "Contract to Purchase."

During the last week of August, the plaintiff reviewed the articles of agreement that attorney Grant had drafted. Tucek told attorney Grant that certain changes needed to be made in the document, specifically informing the attorney that the agreement was not acceptable because it did not contain the suggested contingency clause making the sale of the property dependent upon its annexation to the city.

Attorney Grant subsequently gave the plaintiff a letter, dated August 27, 1976, that the Sandwich city attorney directed to the sellers; the letter stated that the Sandwich city council orally agreed to annex the property in question to the city upon the filing of a proper petition for annexation. Attorney Grant informed the plaintiff that the letter eliminated the need for a contingency clause in the proposed articles of agreement. Relying upon the advice of attorney Grant, plaintiff Tucek executed the articles of agreement on October 13, 1976. Thereafter, the plaintiff made payments to the sellers in the sum of $40,000 and expended more than $14,000 in preparing the property for annexation to the city.

From July 1978 to June 1980, attorney Grant represented the plaintiff before the city council in an effort to have the subject real

estate annexed to the city; the plaintiff received a bill from the defendant for more than $2,800 in attorney fees for the services Grant performed in this matter. In July of 1980, the city council denied the plaintiff's request for annexation.

After the city denied the petition for annexation, the sellers, who had orally admitted that the sale of the property was contingent upon annexation, did not return the plaintiff's money or voluntarily rescind the articles of agreement. In July of 1980, attorney Grant represented to the plaintiff that the articles of agreement could be attacked in a suit in equity for rescission or reformation of the articles of agreement. In the meantime, the sellers declared a forfeiture and demanded immediate possession of the realty, but attorney Grant raised no defense to the forfeiture in a court of law. Although the plaintiff made numerous phone calls and personal requests to the defendant, Grant failed or refused to file a lawsuit against the sellers for rescission or reformation.

In September 1981, attorney Grant referred the plaintiff to another attorney, Richard Horwitz of Aurora, Kane County, for the purpose of pursuing an alleged cause of action against the city of Sandwich. When the plaintiff met with attorney Horwitz, he informed plaintiff Tucek (1) that attorney Grant had represented the sellers and charged them for his services in drafting both versions of the articles of agreement, and (2) that attorney Grant was representing the sellers, not plaintiff Tucek, when he advised Tucek that the letter from the Sandwich city attorney was sufficient to protect him in the transaction. This was the first time the plaintiff was aware of these matters. In addition, plaintiff Tucek learned for the first time in September 1981 that attorney Grant failed or refused to institute suit against the sellers because he allegedly represented them in the transaction from which the cause of action arose.

The complaint set forth the following specific careless, negligent, or fraudulent acts or omissions of the defendant: (1) failed to draft properly the second articles of agreement so that it would protect the plaintiff's interests and intentions; (2) failed to disclose to Tucek that he represented the sellers during the real estate transaction; (3) represented the sellers in direct conflict with the interests of and to the detriment of the plaintiff; (4) failed or refused to file pleadings for rescission or reformation of the contract with the sellers; (5) fraudulently concealed from the plaintiff his actual relationship with the sellers; (6) failed to inform the plaintiff of his past dealings, thereby depriving the plaintiff of an informed choice regarding whether to continue to retain the defendant; (7) failed to enter into an annexation agreement with

the city prior to the execution of the articles of agreement in order to preclude future disputes relative to that matter; and (8) advised plaintiff that the letter from the city's attorney to the sellers was legally sufficient to ensure annexation of the subject property.

Attorney Grant, the defendant, filed a motion to dismiss the complaint pursuant to section 2—619(5) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(5)), in which he alleged that the plaintiff's cause of action was barred by the five-year statute of limitations of section 13—205 of the Code (Ill. Rev. Stat. 1983, ch. 110, par.13—205).

On September 29, 1983, the court granted the motion to dismiss and dismissed the complaint with prejudice. The trial court set forth its reasoning in a letter of opinion. First, the court found that the plaintiff was or should have been aware on or before October 13, 1976, that the contingency clause did not exist. Therefore, the plaintiff's cause of action arose on or about that time and, therefore, the five-year statute of limitations commenced at that time. Secondly, the court determined that the alleged conflict of interest did not constitute fraudulent concealment of the plaintiff's cause of action, "thereby invoking the discovery rule, assuming said rule is applicable in this case." Lastly, the court held that the conflict of interest alleged in the complaint did not set forth a cause of action for legal malpractice. The issues we review are as follows: (1) Is the plaintiff's cause of action barred by section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205)? (2) Does the plaintiff's complaint state a cause of action for legal malpractice?

Because the appeal is before this court pursuant to the defendant's motion to dismiss, the well-pleaded factual allegations of the complaint, as we have summarized them, must be accepted as true. *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 383.

In this court Tucek adopts the position that attorney Grant breached his duty of loyalty to the plaintiff in August 1976, when he retained Grant to provide legal services in a real estate transaction and attorney Grant did not disclose to him that he represented the sellers in the same transaction in direct conflict with the plaintiff's interests. In addition, the plaintiff concedes that he knew or should have known by October 13, 1976, that the contingency clause was not in the articles of agreement. Also, he admits that attorney Grant's erroneous legal opinion—that the letter from the Sandwich city attorney sufficiently resolved the annexation question to make it unnecessary to include a contingency clause in the articles of agreement—occurred more than five years prior to the filing of the complaint. He concedes

that because he became aware of these acts or omissions within the five-year period of limitations (see Ill. Rev. Stat. 1983, ch. 110, par. 13—205), any action based on them would be barred as untimely. He contends, however, that he has alleged a cause of action that is not barred by the statute of limitations, that is, the defendant's violation of his duty of loyalty to the plaintiff by representing a conflicting interest without first disclosing this fact and obtaining the plaintiff's approval of the dual representation. In this regard, the plaintiff maintains that because this cause of action was fraudulently concealed from him, his complaint was filed in timely fashion under the provisions of section 13—215 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 13—215).

Section 13—205 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—205), formerly section 15 of "An Act in regard to limitations" (Ill. Rev. Stat. 1981, ch. 83, par. 16), states that "actions on unwritten contracts, *** and all civil actions not otherwise provided for, *shall be commenced within 5 years next after the cause of action accrued.*" (Emphasis added.) An action involving a claim of legal malpractice falls within the ambit of this five-year period. *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 126.

The determination of when a cause of action accrues under section 13—205 is not an easy task, for the decisions of this State's appellate court are in conflict. (See *Bonanno v. Potthoff* (N.D. Ill. 1981), 527 F. Supp. 561, 563-65. Compare *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 126-29, and *Maloney v. Graham* (1912), 171 Ill. App. 409, 411, with *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 459-60.) The split in authority on this point is widespread in other jurisdictions. See Annot., 18 A.L.R.3d 978, 988-1002 (1968), 99-104 (1984 Supp.).

One line of authority holds that a cause of action for legal malpractice arises at the time of the attorney's alleged negligent act or breach of the duty to act skillfully and diligently in representing his or her client. (*Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 126-27; *Maloney v. Graham* (1912), 171 Ill. App. 409, 411.) By contrast, other cases have determined that "a cause of action for legal malpractice does not accrue until the client discovers, or should discover, the factors establishing the elements of his cause of action." *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 460; accord, *Bonanno v. Potthoff* (N.D. Ill. 1981), 527 F. Supp. 561, 564.

■ The rationale employed and the results reached in both *Kohler* and *Bonanno* were predicated upon application of the "discovery rule." This rule relating to the statute of limitations has been uti-

lized broadly to mitigate the harsh effects of a literal application of the statute. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414.) The effect of the discovery rule is to postpone the beginning of the five-year period of limitations until the injured party knows or reasonably should know of his or her injury and that it was caused wrongfully. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414-15; *McDaniel v. La Salle Ambulance Service, Inc.* (1982), 108 Ill. App. 3d 1042, 1045; *Pollock v. Hafner* (1982), 108 Ill. App. 3d 410, 413; see *Kinsey v. Scott* (1984), 124 Ill. App. 3d 329, 339.) The discovery rule is viewed as a determination of when the statute should begin to run, not as an extension of the period of time in which to file the cause of action. *Coleman v. Hinsdale Emergency Medical Corp.* (1982), 108 Ill. App. 3d 525, 532.

In *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, the court recognized the existence of the discovery rule, but determined that it will "be applied only when the discovery occurs after the statute of limitations has run or when discovery occurs at a time so near the running that the action, for all practical reasons, has been barred before a party has learned of the accrual" of the cause of action. (*Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 128; accord, *Evans v. Bachman* (1979), 78 Ill. App. 3d 1107, 1110; *Tomes v. Chrysler Corp.* (1978), 60 Ill. App. 3d 707, 710.) Other cases have expressly rejected this limited or restricted application of the discovery rule. (*E.g., Knox College v. Celotex Corp.* (1980), 85 Ill. App. 3d 714, 720, *aff'd in part & rev'd in part on other grounds* (1981), 88 Ill. 2d 407; *E.J. Korvette v. Esko Roofing Co.* (1976), 38 Ill. App. 3d 905, 909.) As the court in *Bonanno v. Potthoff* (N.D. 1981), 527 F. Supp. 561, 565, aptly noted, the view expressed in *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, "represents a sport in the law," as it is in conflict with the weight of authority in this State.

■ For the reasons articulated in *Bonanno v. Potthoff* and in *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, we conclude that, when the discovery rule is applied in this case, the plaintiff's cause of action for legal malpractice accrued in July 1980, when the plaintiff learned, for the first time, that the city council denied his request or petition for annexation. It was at this juncture that the plaintiff knew or reasonably should have known of his injury and that it was caused wrongfully as a result of the defendant's earlier representation or opinion that a contingency clause was unnecessary in light of the city attorney's letter stating that the city council would annex the property in issue. (See *Kinsey v. Scott* (1984), 124 Ill. App. 3d 329, 339-40.) The full five-year period of limitations began to

242

run from this point. (*Knox College v. Celotex Corp.* (1980), 85 Ill. App. 3d 714, 720, *aff'd in part and rev'd in part on other grounds* (1981), 88 Ill. 2d 407.) Therefore, because the plaintiff's suit was filed on March 29, 1983, he acted within the appropriate time limit as extended by the discovery rule.

The trial court erred when it found that the cause of action accrued on October 13, 1976, the day on which the plaintiff knew or reasonably should have known that the contingency clause was not in the articles of agreement. It is clear that the plaintiff did not know and could not reasonably have known of his alleged injury and that it was wrongfully caused by the defendant until the city council refused to annex the property.

The judgment of the circuit court of Kane County is reversed and the cause is remanded.

Reversed and remanded.

NASH, P.J., and HOPF, J., concur.