659 N.E.2d 56 (1995)
276 Ill.App.3d 590
213 Ill.Dec. 426
Ruth GORAN, Plaintiff,
v.
Herbert A. GLIEBERMAN, Defendant and Third-Party Plaintiff-Appellant (Barry Greenburg, Janet Hermann and the law firm of Greenburg & Hermann, Third-Party Defendants and Appellees).
No. 1-94-3052.
Appellate Court of Illinois, First District, Second Division.
December 5, 1995.
*57 Querre & Harrow, Ltd., Chicago (Michael S. Loeffler, Michael Resis, T. David Ackerman and Andrew S. Nadolna, of counsel), for Appellant.
O'Reilly, Cunningham, Norton & Mancini, Chicago (Thomas R. Weiler, John E. Henry, of counsel), for Appellee.
Justice DiVITO delivered the opinion of the court:
At issue in this appeal is whether, pursuant to section 2-619 of the Code of Civil Procedure, the circuit court properly dismissed as time-barred first-party defendant, third-party plaintiff Herbert Glieberman's claim for contribution arising from an underlying legal malpractice cause of action. (735 ILCS 5/2-619(a)(5) (West 1992).) Our determination of the issue presented is dependent upon when the underlying legal malpractice cause of action accrued. For the reasons that follow, we conclude that the cause of action accrued before the effective date of a new statute affecting the limitations period, and we therefore reverse.
In 1990, first-party plaintiff Ruth Goran was represented by Glieberman in an appeal before this court from an adjudication of marriage dissolution and child custody. Glieberman filed an appellant's brief but then withdrew from the appeal. Goran subsequently hired Barry Greenburg, Janet Hermann, and the law firm of Greenburg & Hermann (together, Greenburg and Hermann) to represent her. Greenburg and Hermann filed a reply brief, gave oral argument and were required by this court to redo Glieberman's brief and the record on appeal to bring them into compliance with court rules. In an opinion released March 4, 1991, Goran lost her appeal. In re Marriage of Kramer (1991), 211 Ill.App.3d 401, 155 Ill. Dec. 909, 570 N.E.2d 422.
On July 24, 1991, Goran, with Greenburg and Hermann continuing to represent her, filed a legal malpractice claim against Glieberman arising from his purportedly negligent representation. Glieberman filed his complaint for contribution from Greenburg *58 and Hermann on September 30, 1993. The circuit court granted Greenburg and Hermann's motion to dismiss Glieberman's first amended complaint with prejudice under section 2-619 on April 15, 1994. (735 ILCS 5/2-619(a)(5) (West 1992).) On August 8, 1994, the court entered a revised order nunc pro tunc denying Glieberman's motion for reconsideration. This appeal followed.
The purpose of a motion to dismiss under section 2-619 is to dispose of issues of law and easily proved issues of fact at the outset of a case. (Zedella v. Gibson (1995), 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 650 N.E.2d 1000.) In ruling on a section 2-619 motion to dismiss, a court may consider pleadings, depositions, and affidavits. (Zedella, 165 Ill.2d at 185, 209 Ill.Dec. 27, 650 N.E.2d 1000.) A reviewing court will determine the propriety of the granting of the motion to dismiss de novo. (Toombs v. City of Champaign (1993), 245 Ill.App.3d 580, 583, 185 Ill.Dec. 755, 615 N.E.2d 50, appeal denied (1993), 152 Ill.2d 581, 190 Ill.Dec. 912, 622 N.E.2d 1229.) The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." Kedzie & 103rd Currency Exchange, Inc. v. Hodge (1993), 156 Ill.2d 112, 116-17, 189 Ill.Dec. 31, 619 N.E.2d 732.
Glieberman contends that his claim for contribution is subject to a five-year limitations period and that the trial court therefore erred in dismissing his third-party action against Greenburg and Hermann as time-barred.
Where an underlying direct action is pending, an action for contribution is subject to the same statute of limitations that is applicable to the underlying action. (Caballero v. Rockford Punch Press & Manufacturing Co. (1993), 244 Ill.App.3d 333, 337, 185 Ill.Dec. 228, 614 N.E.2d 362.) Thus, to decide which statute of limitations is applicable to Glieberman's cause for contribution, we must determine the statute of limitations relevant to Goran's legal malpractice claim. If Goran's cause accrued after January 1, 1991, the pertinent statute of limitations provides in relevant part:
"An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services * * * must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." (Ill.Rev.Stat.1991, ch. 110, par. 13-214.3(b) (now 735 ILCS 5/13-214.3(b) (West 1992)).)
Because that statute became effective January 1, 1991, if Goran's cause accrued before that date, section 13-205 of the Illinois Code of Civil Procedure provides for a five-year statute of limitations. (Ill.Rev.Stat.1991, ch. 110, par. 13-205 (now 735 ILCS 5/13-205 (West 1992)).) In short, if Goran's cause accrued prior to January 1, 1991, Glieberman is subject to a five-year limitations period but if Goran's cause accrued after January 1, 1991, he is subject to a two-year limitations period. The five-year limitations period renders the circuit court's section 2-619 dismissal erroneous; the two-year limitations period effectively bars Glieberman's contribution action.
The elements of a claim for legal malpractice are: (1) the existence of an attorney-client relationship, (2) a breach of a duty arising from that relationship, (3) causation, and (4) damages. Belden v. Emmerman (1990), 203 Ill.App.3d 265, 268, 148 Ill.Dec. 583, 560 N.E.2d 1180, appeal denied (1991), 136 Ill.2d 541, 153 Ill.Dec. 370, 567 N.E.2d 328.
The appellate districts have issued different opinions regarding when a cause of action for legal malpractice accrues. The first district's position, that a cause of action for legal malpractice accrues when the attorney breaches his duty, stems from Dolce v. Gamberdino (1978), 60 Ill.App.3d 124, 17 Ill. Dec. 274, 376 N.E.2d 273. The second and fourth districts have taken the position that the cause of action does not accrue until the client discovers, or should discover, the elements of his cause of action. Tucek v. Grant (1984), 129 Ill.App.3d 236, 240, 84 Ill.Dec. 603, 472 N.E.2d 563; Kohler v. Woollen, Brown & Hawkins (1973), 15 Ill.App.3d 455, 304 N.E.2d 677.
*59 Tucek and Kohler are predicated upon application of the "discovery rule." That rule, which is used to mitigate the harsh effects of a literal application of a statute of limitations, postpones the running of the limitations period until the injured party knows or reasonably should know of his injury and that the injury was wrongfully caused. (Knox College v. Celotex Corp. (1981), 88 Ill.2d 407, 414-15, 58 Ill.Dec. 725, 430 N.E.2d 976.) Although the court in Dolce recognized the applicability of the discovery rule, it limited its use to those occasions "when the discovery occurs after the statute of limitations has run or when discovery occurs at a time so near the running that the action, for all practical reasons, has been barred before a party has learned of the accrual." Dolce, 60 Ill.App.3d at 128, 17 Ill.Dec. 274, 376 N.E.2d 273.
The supreme court in Jackson Jordan, Inc. v. Leydig, Voit & Mayer (1994), 158 Ill.2d 240, 198 Ill.Dec. 786, 633 N.E.2d 627, without discussing either the Dolce or Tucek line of reasoning, applied the Knox discovery rule to the legal malpractice case at issue there. (Jackson Jordan, 158 Ill.2d at 249, 198 Ill.Dec. 786, 633 N.E.2d 627.) The court held that the time at which a party has or should have the requisite knowledge under the discovery rule is ordinarily a question of fact.
In Hermitage Corp. v. Contractors Adjustment Co. (1995), 166 Ill.2d 72, 209 Ill.Dec. 684, 651 N.E.2d 1132, the supreme court revisited the discovery rule. In Hermitage Corp., the defendants, who were in the business of recording liens and protecting lien rights, prepared a mechanics lien against a property on plaintiffs' behalf in 1985. (Hermitage Corp., 166 Ill.2d at 74-75, 209 Ill.Dec. 684, 651 N.E.2d 1132.) In 1987, when the plaintiffs sought to enforce the lien, they discovered that it was defective. (Hermitage Corp., 166 Ill.2d at 75, 209 Ill.Dec. 684, 651 N.E.2d 1132.) In 1991, the plaintiffs filed suit and sought to delay the commencement date of the statute of limitations by applying the discovery rule. (Hermitage Corp., 166 Ill.2d at 76, 209 Ill.Dec. 684, 651 N.E.2d 1132.) The defendants, relying on Dolce, argued that the discovery rule did not apply to the plaintiffs because they had a reasonable period of time remaining in the limitations period within which to file a complaint. Hermitage Corp., 166 Ill.2d at 80, 209 Ill.Dec. 684, 651 N.E.2d 1132.
The court, following the reasoning of Bonanno v. Potthoff (N.D.Ill.1981), 527 F.Supp. 561, expressly declined to adopt the discovery rule posited in Dolce:
"`Suppose the `so near' time for discovery is (say) four months before the statute of limitations would have run. Dolce would then produce the bizarre result that a plaintiff who discovered a cause of action four years and seven months after it arose would have five months in which to bring suit, whereas the plaintiff who made the discovery two months later would have five years to do so. By contrast the uniform result under all the other case law would give every plaintiff the same five-year period after his claim had been discovered.'" (Emphasis in original.) Hermitage Corp., 166 Ill.2d at 83, 209 Ill.Dec. 684, 651 N.E.2d 1132, quoting Bonanno, 527 F.Supp. at 565 n. 8.
In light of Jackson Jordan and Hermitage Corp., we conclude that the position taken by this district in Dolce, that a cause of action for legal malpractice accrues at the time of the attorney's breach of duty, is no longer viable. Dolce recognized only a limited application of the discovery rule, a limitation which has been expressly rejected by the supreme court.
Dolce, moreover, was itself a departure from first district precedent. In E.J. Korvette, Division of Spartan Industries, Inc. v. Esko Roofing Co. (1976), 38 Ill.App.3d 905, 350 N.E.2d 10, this court applied the discovery rule to a negligence action arising from a contractual relationship and cited as support Kohler, 15 Ill.App.3d 455, 304 N.E.2d 677, the fourth district case which applied the rule to legal malpractice.
Also, the rule of accrual in Dolce runs counter to public policy: "If [the client] must ascertain malpractice at the moment of its incidence, the client must hire a second professional to observe the work of the first, an expensive and impractical duplication, clearly destructive of the confidential relationship *60 between the practitioner and his client." Neel v. Magana, Olney, Levy, Cathcart & Gelfand (1971), 6 Cal.3d 176, 188, 491 P.2d 421, 428, 98 Cal.Rptr. 837, 844.
We conclude, therefore, that the foregoing requires that Dolce be abandoned. What remains is the reasoning of Tucek: applying the Knox discovery rule means that a cause of action for legal malpractice accrues when the plaintiff knows or reasonably should know of his injury and that it was caused wrongfully. This holding is in accord with the other appellate districts and with the current statute of limitations for legal malpractice, which itself provides that such a cause of action must be brought within two years from the time a plaintiff "knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3.
Here, Glieberman contends that Goran's cause of action accrued when she had knowledge of additional expenses, i.e., double attorney fees. He contends that Goran did not have to wait for the appellate decision because regardless of whether the decision was reversed or affirmed, she sustained damages. Greenburg and Hermann counter that Goran's damages were undetermined until the appellate court ruled against her on the appeal that Glieberman had filed in her behalf. Although they admit that Goran sought attorney fees in her initial complaint, they contend that she could not state a claim for her primary damages, those suffered because of a failed appeal, until that appeal was decided.
Where the defendant's neglect is a direct cause of the legal expenses incurred by the plaintiff, the attorney fees incurred are rewardable as damages. (Sorenson v. Fio Rito (1980), 90 Ill.App.3d 368, 373-74, 45 Ill.Dec. 714, 413 N.E.2d 47.) Damages are speculative only when uncertainty exists as to the fact of damages, rather than to the amount of damages. Beerman v. Graff (1993), 250 Ill.App.3d 632, 639, 190 Ill.Dec. 304, 621 N.E.2d 173, citing De Koven Drug Co. v. First National Bank (1975), 27 Ill. App.3d 798, 327 N.E.2d 378.
Here, Glieberman argues that Goran's cause of action arose when substitute counsel was required to review the court record and transcripts, incurring fees in the amount of approximately $11,000, and when they were forced to redo the record and brief which were struck by this court for technical defects, incurring fees in the amount of $1,297.
As for the critical question of when those fees were incurred, Glieberman asks that we take judicial notice of the record in Goran's underlying cause, In re Marriage of Kramer (Nos. 89-0973, 89-1806, 89-2887, and 89-3040 (consolidated)), which indicates that Greenburg and Hermann filed a brief on behalf of Goran on August 31, 1990, and presented oral argument on September 27, 1990. If the facts of another case are readily verifiable from sources of indisputable accuracy, then they may be judicially noticed without the presentation of additional evidence if such judicial notice will aid in the efficient disposition of litigation. (Filrep, S.A v. Barry (1980), 88 Ill.App.3d 935, 44 Ill.Dec. 45, 410 N.E.2d 1137.) The record in In re Marriage of Kramer (No. 89-0973) indicates that the amended briefs were filed on December 6, 1990. Although the $11,000 in fees was not actionable as a result of Glieberman's neglect but was simply incurred as a result of his permitted withdrawal from the case, the $1,297 in fees incurred to bring the defective brief into compliance was a result of neglect and was therefore actionable no later than December 6, 1990.
Although the question of the time at which a party has or should have requisite knowledge under the discovery rule to maintain a cause of action is ordinarily a question of fact (Jackson Jordan, 158 Ill.2d at 250, 198 Ill.Dec. 786, 633 N.E.2d 627), in ruling on a 2-619 motion, where the facts are undisputed and only one conclusion is evident, the court may determine the date of the commencement of the statute of limitations as a matter of law. (Hermitage Corp., 166 Ill.2d at 85, 209 Ill.Dec. 684, 651 N.E.2d 1132.) The undisputed facts indicate that Goran incurred actionable damages when she paid $1,297 in attorney fees to bring the briefs into compliance. We conclude that her cause of action accrued at that point; Goran knew or should have known of her cause of action no later than December 1990 when Greenburg and *61 Hermann were required to duplicate Glieberman's effort.
Greenburg and Hermann, relying on California precedent, argue that even if Glieberman's claim is not time-barred, his complaint was properly dismissed as contravening public policy. A reviewing court may sustain a judgment on any ground warranted, regardless of whether it was relied on by the trial court. (Material Service Corp. v. Department of Revenue (1983), 98 Ill.2d 382, 387, 75 Ill.Dec. 219, 457 N.E.2d 9.) Greenburg and Hermann's argument, however, runs counter to Illinois law.
In Faier v. Ambrose & Cushing, P.C. (1993), 154 Ill.2d 384, 182 Ill.Dec. 12, 609 N.E.2d 315, the Illinois Supreme Court held that an attorney may seek contribution from a subsequent attorney where both attorneys worked on the same underlying cause. (Faier, 154 Ill.2d at 387, 182 Ill.Dec. 12, 609 N.E.2d 315.) Greenburg and Hermann attempt to distinguish Faier on the grounds that there the client sued both attorneys, whereas here Goran sued only Glieberman. They argue that public policy concerns regarding attorney-client privilege still apply in the instant case. Under their reasoning, substitute counsel, no matter how egregious their conduct, would be immunized from suit simply because the client whom they continue to represent chooses not to sue her current counsel. If Greenburg and Hermann were negligent in their representation of Goran in her underlying cause, they should not be protected solely because of their continued representation. Greenburg and Hermann have not sufficiently distinguished Faier and their argument must fail; Illinois law is clear that an attorney may seek contribution for a legal malpractice claim.
Accordingly, the order of the circuit court granting Greenburg and Hermann's motion to dismiss is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
HARTMAN and BURKE, JJ., concur.