DEANNA L. BROWN-SEYDEL, Plaintiff, v. MAHENDRA MEHTA, Defendant and Third-Party Plaintiff-Appellant (Michael Havrilesko, Third-Party Defendant-Appellee).

First District (6th Division)   No. 1—95—1125

Opinion filed May 31, 1996.

Paul R. O'Malley, Ltd., of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (George W. Spellmire, Stephen R. Swofford, and Christine L. Olson, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Deanna L. Brown-Seydel, filed a legal malpractice suit against Mahendra Mehta, her former attorney. Mehta subsequently brought a third-party complaint for contribution against Brown-Seydel's current attorney, Michael Havrilesko. The trial court dismissed the third-party action, and Mehta appeals. We reverse and remand.

The relevant facts are as follows. Brown-Seydel retained Mehta to represent her in a sexual discrimination action against her former employer. Mehta initially brought the action in the circuit court of Cook County, voluntarily dismissed it without prejudice, and then re-filed it in the United States District Court for the Northern District of Illinois. That court dismissed the claim as untimely, holding that the commencement of the suit in the state court did not toll the running of the filing period for federal Title VII claims. 42 U.S.C. § 2000e et seq. (1994).

After the district court dismissed her claim, plaintiff discharged Mehta and retained Havrilesko to represent her in an appeal to the Seventh Circuit Court of Appeals. That court upheld the district court's ruling in Brown v. Reliable Sheet Metal Works, Inc., 852 F.2d 932 (7th Cir. 1988). Havrilesko took no further action. One year later, in Donnelly v. Yellow Freight System, Inc., 874 F.2d 402 (7th Cir. 1989), the Seventh Circuit took a position contrary to its ruling in Brown.

Brown-Seydel, represented by Havrilesko, subsequently sued Mehta for legal malpractice. The complaint alleged that Mehta was negligent in filing the discrimination action beyond the allotted time to bring such claims in federal court. Mehta pleaded several affirmative defenses. He was also given leave to file a third-party complaint

against Havrilesko for contribution, wherein Mehta alleged that Havrilesko was negligent in handling Brown-Seydel's appeal to the Seventh Circuit.

Havrilesko moved to dismiss the third-party contribution action, asserting three grounds. He argued that the complaint was time-barred, that it failed to state a cause of action for professional negligence, and that it violated public policy. Havrilesko later withdrew his statute of limitations argument, and the trial court dismissed the complaint for public policy reasons.

On appeal, Mehta contends that Illinois public policy does not prohibit an attorney from bringing a third-party action for contribution against a successor attorney. During the pendency of this appeal, another division of this court addressed this issue and adopted Mehta's view.

In *Goran v. Glieberman*, 276 Ill. App. 3d 590, 659 N.E.2d 56 (1995), Ruth Goran's attorney, Herbert Glieberman, withdrew from an appeal after filing an appellant's brief on Goran's behalf. Goran subsequently hired new attorneys, Barry Greenburg and Janet Hermann, who represented her throughout the appeal. Goran ultimately lost the appeal, but she retained Greenburg and Hermann as her attorneys. On her behalf, they filed a legal malpractice action against Glieberman. Glieberman subsequently brought a third-party contribution action against Greenburg and Hermann. The trial court dismissed the third-party complaint on statute of limitations grounds.

■ On appeal, this court reversed and remanded, finding that the action was not time-barred, and specifically holding that a third-party contribution action against a subsequent attorney does not contravene public policy. The *Goran* court explained:

"In *Faier v. Ambrose & Cushing, P.C.* (1993), 154 Ill. 2d 384, 609 N.E.2d 315, the Illinois Supreme Court held that an attorney may seek contribution from a subsequent attorney where both attorneys worked on the same underlying cause. Greenburg and Hermann attempt to distinguish *Faier* on the grounds that there the client sued both attorneys, whereas here Goran sued only Glieberman. They argue that public policy concerns regarding attorney-client privilege still apply in the instant case. Under their reasoning, substitute counsel, no matter how egregious their conduct, would be immunized from suit simply because the client whom they continue to represent chooses not to sue her current counsel. If Greenburg and Hermann were negligent in their representation of Goran in her underlying cause, they should not be protected solely because of their continued representation. Greenburg and Hermann have not sufficiently distinguished *Faier* and their argument must fail; Illinois law is clear that an attorney

may seek contribution for a legal malpractice claim." *Goran,* 276 Ill. App. 3d at 596-97, 659 N.E.2d at 61.

■ In the present case, Havrilesko makes substantially the same arguments as the third-party defendants did in *Goran.* Under *Goran,* and the supreme court precedent it relies upon, the trial court here erroneously dismissed the third-party complaint on the basis that the action contravenes Illinois public policy.

■ Havrilesko also argues that even if public policy does not prohibit the third-party action, Mehta's complaint was properly dismissed because it failed to state a cause of action for professional negligence. Havrilesko correctly notes that a reviewing court may sustain a judgment on any ground warranted, regardless of whether it was relied upon by the trial court. *Ogle v. Hotto,* 273 Ill. App. 3d 313, 652 N.E.2d 815 (1995). Nevertheless, we decline to dismiss Mehta's complaint with prejudice on appeal. A complaint should be dismissed for failure to state a cause of action with no opportunity to replead only if it is clearly apparent that no set of facts can be proven that would entitle recovery. *Illinois Graphics Co. v. Nickum,* 159 Ill. 2d 469, 639 N.E.2d 1282 (1994). We do not find this to be the situation here.

Accordingly, the order of the circuit court of Cook County granting Havrilesko's motion to dismiss is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

ZWICK, P.J., and EGAN, J., concur.