RUTH GALE, Indiv. and as Adm'r of the Estate of Dennis Gale, Deceased, Plaintiff-Appellant, v. DICK L. WILLIAMS, Defendant-Appellee.

Third District   No. 3—97—1008

Opinion filed August 31, 1998.

Steven C. Simkins (argued) and William A. Allison, both of Allison & Kelly, Ltd., of Bloomington, for appellant.

W. Thomas Johnston and Laura M. Donahue (argued), both of Quinn, Johnston, Henderson & Pretorius, of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff Ruth Gale, mother of decedent Dennis Gale, brought a legal malpractice claim against defendant attorney Dick Williams, who represented decedent in a divorce proceeding. Plaintiff's complaint alleged that defendant was negligent in his representation of Dennis Gale. Count I was brought by Ruth Gale, individually, and count II was brought by Ruth Gale in her capacity as administrator of the estate of Dennis Gale. The court granted defendant Williams' motion to dismiss and found that plaintiff's count I failed to state a claim for legal malpractice and count II was time-barred by the applicable statute of limitations. Plaintiff appeals.

## FACTS

Defendant Dick Williams represented Dennis Gale, deceased, in a divorce proceeding between Dennis and his then wife, Mary Gale. A decree for divorce was entered on March 24, 1994. Dennis Gale died intestate on May 29, 1995, and his mother became administrator of his estate.

Plaintiff's allegations of legal malpractice stem from an "All Benefits Plan" beneficiary designation form, dated September 26, 1985, and signed by Dennis Gale, in which Dennis Gale designated beneficiaries for certain employer-provided plans, including group life insurance, employee thrift and a pension/retirement plan. Mary Gale is the primary beneficiary and Ruth Gale is designated as the contingent beneficiary.

It is undisputed that defendant had no knowledge of the "All Benefits Plan" form. Dennis Gale knew of the existence of the form and he signed the divorce decree, which contained no provisions requiring any change in the beneficiary designations of the employer-provided plans. The qualified domestic relations orders (QDROs), prepared by defendant after the entry of judgment of dissolution, as well as other post-divorce correspondence between defendant and decedent's employer, did not involve a change of beneficiaries for any employer-provided plan.

Plaintiff alleges however, that, as part of defendant's representation of the deceased in the divorce proceedings, defendant was obligated to change the beneficiary designation to name her, Ruth Gale, as the primary beneficiary to the employer-sponsored plans. Additionally, as administrator of the estate of Dennis Gale, plaintiff claims that defendant had a duty to name the estate as the primary beneficiary to the employer-provided plans.

Defendant filed a motion to dismiss plaintiff's complaint on the basis that Ruth Gale, individually, lacked standing to bring a legal

malpractice claim, and that the estate's claim was time-barred by the two-year statute of limitations. The trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. We affirm.

## ANALYSIS

■ In resolving a motion to dismiss, a court must assume that all well-pleaded facts are true and may consider all reasonable inferences that can be drawn from those facts. *Williams v. Board of Education*, 222 Ill. App. 3d 559, 584 N.E.2d 257 (1991). Mere conclusions of law and unsupported conclusions of fact are not to be considered. *Gilbert Brothers, Inc. v. Gilbert*, 258 Ill. App. 3d 395, 630 N.E.2d 189 (1994). A motion to dismiss should only be granted where it clearly appears that no set of facts can be proved that will entitle plaintiff to recover. *Ogle v. Fuiten*, 102 Ill. 2d 356, 466 N.E.2d 224 (1984). The review of an order dismissing a complaint is *de novo*. *Zelenka v. Krone*, 294 Ill. App. 3d 248, 689 N.E.2d 1154 (1997).

## I

The first issue we address is whether defendant attorney owed a duty of reasonable care to the nonclient plaintiff.

■ In order to state a legally sufficient claim for negligence, a plaintiff must set out facts that establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Pelham v. Griesheimer*, 92 Ill. 2d 13, 440 N.E.2d 96 (1982). Whether a duty exists is a question of law for the determination of the trial court. *McLane v. Russell*, 131 Ill. 2d 509, 546 N.E.2d 499 (1989). To conclude that a duty exists, the trial court must find that the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Pelham*, 92 Ill. 2d 13, 440 N.E.2d 96.

■ The general rule in Illinois is that an attorney can only be liable in negligence to his client and not to nonclient third parties. *Pelham*, 92 Ill. 2d 13, 440 N.E.2d 96. A contract for professional services between an attorney and a client does not create a professional obligation between the attorney and a third party (*Byron Chamber of Commerce, Inc. v. Long,* 92 Ill. App. 3d 864, 415 N.E.2d 1361 (1981)), unless the attorney was hired by the client with the intent and purpose of benefitting that third party (*Pelham*, 92 Ill. 2d 13, 440 N.E.2d 96).

The exception carved out by the *Pelham* court expands an attorney's liability to nonclients but only in certain limited circumstances. The "key consideration" for determining if the attorney owes a duty to the third party is whether the attorney "act[ed] at the direction of or on behalf of the client to benefit or influence [the] third

party." *Pelham*, 92 Ill. 2d at 21, 440 N.E.2d at 100. In other words, for a nonclient plaintiff to succeed in a negligence action against an attorney, the nonclient must prove that the primary intent and purpose of the attorney-client relationship was to benefit or influence the nonclient. *Pelham*, 92 Ill. 2d 13, 440 N.E.2d 96.

■ Applying these principles to the facts of this case, we find that the primary and direct reason that decedent hired attorney Williams was to obtain a divorce, not to represent plaintiff's interests. No facts were introduced that would establish any duty owed by defendant attorney to plaintiff or that plaintiff was the intended beneficiary of the attorney-client relationship. Plaintiff simply cannot allege that the primary reason her son hired the defendant attorney was to change her status from contingent beneficiary on the employer-provided plans to primary beneficiary. At best, plaintiff is only an incidental beneficiary of the attorney-client relationship, and an incidental beneficiary is not qualified to bring a malpractice action of this character. *York v. Stiefel*, 99 Ill. 2d 312, 458 N.E.2d 488 (1983). The fact that plaintiff may have indirectly benefitted from defendant's representation of her son does not mean, as plaintiff argues, that the attorney thereby owes a duty to her. See *Schechter v. Blank*, 254 Ill. App. 3d 560, 627 N.E.2d 106 (1993).

In support of her argument that attorney defendant owed her a duty, plaintiff cites *Zelenka*, 294 Ill. App. 3d 248, 689 N.E.2d 1154, *Simon v. Wilson*, 291 Ill. App. 3d 495, 684 N.E.2d 791 (1997), *Jewish Hospital v. Boatman's Bank*, 261 Ill. App. 3d 750, 633 N.E.2d 1267 (1994), *McLane*, 131 Ill. 2d 509, 546 N.E.2d 499, and *Ogle*, 102 Ill. 2d 356, 466 N.E.2d 224, wherein the courts found a duty between the attorneys and the nonclient plaintiffs. These post-*Pelham* cases concern nonclient plaintiffs who were the intended beneficiaries to wills or trust agreements prepared by the defendant attorneys at the specific request of the clients. These cases are factually distinguishable and inapplicable to the instant case, where the primary purpose of the attorney-client relationship was to assist the client in obtaining a divorce.

We have carefully considered plaintiff's remaining contentions, including her argument in reliance on *dicta* in the *Pelham* case, and believe that no further discussion is necessary.

For these reasons, we conclude as a matter of law that defendant owed no duty to the nonclient plaintiff. The trial court properly dismissed count I of plaintiff's complaint for failure to state a cause of action.

## II

The second issue we address is whether plaintiff's claim on behalf of the estate of Dennis Gale is barred by the statute of limitations.

■ The parties agree that the applicable statute of limitations governing personal actions against attorneys is found in the Code of Civil Procedure and states in pertinent part as follows:

> "An action for damages based on tort *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13—214.3(b) (West Supp. 1997).

When a party knew or should have known that an injury occurred and that the injury was wrongfully caused is generally a question of fact which should go to the jury. *Zelenka*, 294 Ill. App. 3d 248, 689 N.E.2d 1154; *Goran v. Glieberman*, 276 Ill. App. 3d 590, 659 N.E.2d 56 (1995). Where the facts are undisputed and only one conclusion is evident, however, the court may determine the date of the commencement of the statute of limitations as a matter of law. *Goran*, 276 Ill. App. 3d 590, 659 N.E.2d 56.

■ Plaintiff initially contends there is a distinct disagreement as to the time Dennis Gale, the decedent, actually knew or should have known of the negligence of the defendant. She claims that the earliest date the negligence could have been known was May 29, 1995, at the death of Dennis Gale. It was only after Dennis Gale died that it was discovered, albeit by the plaintiff mother, that the beneficiaries had not been changed and the proceeds went to the decedent's ex-wife, Mary Gale. Citing the *Zelenka* case, plaintiff urges us to find that the statute of limitations began to run when she, the contingent beneficiary, knew or should have known of the attorney's negligence.

Plaintiff's argument is flawed because she attempts to attribute knowledge of the attorney's alleged negligence to herself rather than to the decedent. Count II of plaintiff's complaint was brought on behalf of the estate of Dennis Gale, which means that for purposes of count II, it is as if Dennis Gale, himself, is bringing the cause of action for legal malpractice. Therefore, it is Dennis Gale's knowledge of the injury that is at issue and the statute of limitations begins to toll when the decedent knew or reasonably should have known that the alleged act of negligence occurred.

The facts show that Dennis Gale, as a signatory to the judgment for dissolution, knew or reasonably should have known that the judgment did not contain any provisions concerning changes to the beneficiary designation on his employer-provided life insurance policy. In other words, the attorney's alleged negligence in failing to change the distribution of benefits was known or should have been known to Den-

nis Gale on March 24, 1994, the date the judgment of dissolution was entered. Count II of plaintiff's complaint, originally filed on March 5, 1997, is thus barred under the two-year statute of limitations.

Plaintiff argues that attributing knowledge of the alleged injury to Dennis Gale on March 24, 1994, assumes that he should have been aware of the negligence at the moment it occurred. She cites *Goran* to remind us that it is against public policy and contrary to law to expect a client to ascertain malpractice at the moment it occurs. *Goran*, 276 Ill. App. 3d 590, 659 N.E.2d 56. She correctly asserts that the statute of limitations begins to toll when the client knew or should have known that the negligence occurred. However, she neglects the fact that the discovery rule protects a plaintiff *only* until he knows or reasonably should know of the injury, not until he has actual knowledge. *Hitt v. Stephens*, 285 Ill. App. 3d 713, 675 N.E.2d 275 (1997). Since the discovery rule does not require that decedent had actual knowledge of the injury, the statute of limitations began to toll on March 24, 1994, when decedent knew or reasonably should have known of the alleged act of negligence.

Plaintiff also argues that decedent had no reason to know that the failure to change the beneficiary was negligent or wrongfully done by defendant. She claims that decedent could reasonably have believed that defendant was continuing to work on the matter. This argument implicitly admits that decedent had knowledge of the attorney's alleged omission. Decedent's belief that the matter was being worked on necessarily implies knowledge that the matter remained unresolved.

Finally, we believe that plaintiff's reliance on *Zelenka* is misplaced. In that case, the plaintiff wife was an intended beneficiary of her husband's *inter vivos* trust and brought individual claims for legal malpractice against the attorneys who were hired to draft and review the trust agreement. Focusing on the plaintiff's knowledge of the injury, we found that her cause of action accrued when she incurred an obligation to pay legal fees due to her attorneys' negligent conduct. In the instant case, plaintiff mother mistakenly assumes that it is her knowledge of the alleged negligence that is relevant, when in fact, as discussed above, it is the knowledge of the decedent that is dispositive in determining the commencement date of the limitations period.

We conclude as a matter of law that decedent knew or reasonably should have known of the alleged injury on March 24, 1994. Count II of plaintiff's complaint, brought on behalf of the estate of Dennis Gale on March 5, 1997, is thus time-barred by the two-year statute of limitations.

For the reasons stated above, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

BRESLIN and HOLDRIDGE, JJ., concur.