PER CURIAM.
 

 Bob J. Settle appeals the district court’s
 
 [1]
 
 order dismissing his legal malpractice action as barred by the statute of limitations. We affirm.
 

 In February 1982, Settle was arrested on drug charges. He hired James P. Fluker to represent him. On August 11, 1982, a
 
 *1064
 
 jury convicted Settle. He then hired new counsel and filed a motion for a new trial alleging, among other things, that Fluker rendered ineffective assistance of counsel. On September 7, 1982, the court denied the motion. On October 22, 1982, the court sentenced Settle to eight years imprisonment; on February 28, 1984, the Missouri Court of Appeals affirmed Settle’s conviction; and on March 1, 1984, Settle began his term of incarceration. On March 1, 1986, Settle was released from custody and placed on parole. In 1987 Settle filed a petition under Missouri Supreme Court Rule 27.26 to have his conviction set aside. On May 19, 1988, the circuit court, upon stipulation by the parties, set aside his conviction.
 

 On February 27, 1991, Settle filed this complaint against Fluker, claiming that Fluker’s defective representation during the criminal proceedings violated his state and federal constitutional rights and amounted to legal malpractice. Settle sought one million dollars in actual and punitive damages.
 

 The district court dismissed Settle’s federal and state constitutional claims for failure to state a claim, and, applying Mo.Rev. Stat. § 516.120 (1986), a five-year statute of limitations for malpractice actions, concluded that Settle’s injuries were ascertainable on September 7, 1982, when Settle appealed his criminal conviction alleging ineffective assistance of counsel; the limitations period was tolled during Settle’s term of imprisonment; and the complaint was barred because it was filed approximately six and one-half years after the claim accrued. The court did not determine whether Settle sufficiently stated a fraud claim, but ruled that, if he did state a fraud claim, it would also be barred.
 
 See
 
 Mo. Rev.Stat. § 516.120(5) (1986).
 

 We review de novo a district court’s determination of state law.
 
 Salve Regina College v. Russell,
 
 — U.S. —, —, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). When considering state law claims, federal courts are required to apply state statutes of limitations.
 
 See White v. Murphy,
 
 789 F.2d 614, 615 (8th Cir.1986) (per curiam). In Missouri, a cause of action for legal malpractice accrues and the statute of limitations begins to run no later than the date on which the injured party learns of the attorney’s possible malpractice and retains independent counsel.
 
 Dixon v. Shaf-ton,
 
 649 S.W.2d 435, 438 (Mo.1983) (en banc). Damages do not have to be determinable in a precise amount before a cause of action accrues. All that is required is that “some damages [be] sustained, so that the claimants know that they have a claim for some amount.”
 
 Id.
 
 at 439;
 
 see also Martin v. Crowley, Wade and Milstead, Inc.,
 
 702 S.W.2d 57, 58 (Mo.1985) (en banc) (damage is sustained and is capable of ascertainment when the injured party “knew or should have known any reason ... to question defendant’s work”).
 

 In light of these cases, we agree with the district court that Settle’s .cause of action against Fluker for malpractice accrued no later than September 7, 1982, the date Settle’s motion for a new trial was denied. As a result, any cause of action Settle had against Fluker for malpractice is now barred. The district court also applied the correct statute of limitations to hold Settle’s alleged fraud claim time-barred.
 
 See Zero Mfg. Co. v. Husch,
 
 743 S.W.2d 439, 442 (Mo.Ct.App.1987).
 

 Settle’s reliance upon
 
 Jepson v. Stubbs,
 
 555 S.W.2d 307 (Mo.1977) (en banc), is misplaced for two reasons. First,
 
 Jepson
 
 is factually distinguishable. Jepson did not know that a claim existed against his attorney until after his release on parole. In this case, Settle knew that he might have a claim against Fluker prior to his incarceration. Second,
 
 Dixon
 
 and the cases which followed suggest the Missouri courts have moved away from, if not altogether abandoned,
 
 Jepson.
 

 Accordingly, we affirm.
 

 [1]
 

 . The Honorable Joseph E. Stevens, Jr., United States District Judge for the Eastern and Western Districts of Missouri.