NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 14, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2165

| | |
|---|---|
| JOHN M. WYATT and KAREN LANDINO, | Appeal from the United States District Court for the Northern District of Illinois, |
| *Plaintiffs-Appellants,* | Eastern Division. |
| *v.* | No. 07 C 4366 |
| NISHAY SANAN, | Matthew F. Kennelly, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

John Wyatt pleaded guilty to a federal charge of possessing marijuana with the intent to distribute and was sentenced to 262 months' imprisonment. After we affirmed, *United States v. Wyatt*, 133 F. App'x 310 (7th Cir. 2005), Wyatt and his wife, Karen Landino, sued Nishay Sanan, the lawyer who represented Wyatt. They raised several overlapping

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

claims all based on allegations that Sanan gave bad advice and made a number of errors. They believe, among other things, that Sanan was wrong to recommend a plea of guilty and that Sanan mishandled the appeal and petition for certiorari. The district court divided the claims into two categories: attorney malpractice and overcharging. The court dismissed the malpractice claims because under Illinois law such claims require a showing that the defendant was innocent, but Wyatt's plea of guilty made that impossible. The court dismissed the overcharging claim for lack of jurisdiction. Wyatt and Landino do not challenge the district court's ruling on the overcharging claim, so we consider only the malpractice claim.

On appeal, Wyatt and Landino make the futile argument that Illinois law does not require a showing of actual innocence in an attorney-malpractice claim following a conviction. At the outset, we note that Landino was not represented by Sanan, so, as the district court correctly held, she may not bring a malpractice claim against him. *See Winniczek v. Nagelberg*, 394 F.3d 505, 507 (7th Cir. 2005). More to the point, though, while Wyatt's argument that he need not show actual innocence finds support in a small minority of jurisdictions, *see, e.g., Krahn v. Kinney*, 538 N.E.2d 1058, 1061 (Ohio 1989), Illinois is not one of them, *see Paulsen v. Cochran*, 826 N.E.2d 526, 530 (Ill. App. Ct. 2005); *Winniczek*, 394 F.3d at 507 (collecting Illinois cases), and Illinois law applies here because jurisdiction is based on diverse citizenship, *see Woidtke v. St. Clair County*, 335 F.3d 558, 562 (7th Cir. 2003). Thus, as the district court correctly held, Wyatt's malpractice claim fails because he did not and could not allege actual innocence.

Wyatt complains that the district court improperly ruled against him based on materials that Sanan attached to his 12(b)(6) motion. As Wyatt argues, the district court could not properly rely on documents submitted by Sanan without converting the motion to dismiss to a motion for summary judgment. *See* FED. R. CIV. P. 12(d). But the court explained that it did not rely on Sanan's documents because it was free to take judicial notice of our opinion affirming Wyatt's conviction and sentence. *See Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003). In any event, as the district court also explained, judicial notice was ultimately unnecessary because Wyatt's complaint admitted that he had pleaded guilty and did not allege actual innocence.

Finally, Wyatt mentions an exception to the actual-innocence rule that presumably exists when a guilty defendant receives what we have called an "unlawful penalty." *Winniczek*, 394 F.3d at 507. Wyatt does not explain why the penalty he received was unlawful, except to suggest that he would have gotten a lower sentence if his lawyer had performed better. But Wyatt's sentence was below the statutory maximum and we doubt that a sentence can be deemed unlawful simply because, due to recent developments in the law, the sentence might have been lower if imposed today. *Cf. McReynolds v. United States*,

397 F.3d 479, 481 (7th Cir. 2005) (holding that *United States v. Booker*, 543 U.S. 220 (2005) does not have retroactive application).  More importantly, though, if Wyatt believes his sentence to be too long, he is seeking the wrong type of relief.  The remedy for an excessive sentence is a sentence reduction, not a cash payment.  *See Winniczek*, 394 F.3d at 508.  If Wyatt is entitled to any relief, it must come through his petition for postconviction relief, the appeal of which is pending in this court.  *See Wyatt v. United States*, No. 08-1465 (Order of May 16, 2008 granting certificate of appeal).

AFFIRMED.