# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black; padding:1em;">

## *Rojo v. Tunick*, 2021 IL App (2d) 200191

</div>

| | |
|---|---|
| Appellate Court Caption | RENE ROJO, Plaintiff-Appellant, v. JAMES D. TUNICK, Defendant-Appellee. |
| District & No. | Second District<br>No. 2-20-0191 |
| Filed | September 29, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 18-L-1211; the Hon. David E. Schwartz, Judge, presiding. |
| Judgment | Cause remanded. |
| Counsel on Appeal | Rene Rojo, of Robinson, appellant *pro se*.<br><br>No brief filed for appellee. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Presiding Justice Bridges and Justice Brennan concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Rene Rojo, retained defendant, James D. Tunick, to represent him in a criminal case. Defendant withdrew as plaintiff's counsel, and the case eventually went to a jury trial, resulting in defendant's conviction. Afterward, plaintiff sued defendant for legal malpractice, claiming in his *pro se* amended complaint that defendant breached in two respects the fiduciary duty he owed to plaintiff as a client. First, defendant provided deficient representation, leading to plaintiff's conviction. Second, defendant withdrew before the completion of the case, forcing plaintiff to pay for new counsel and refusing to refund any of plaintiff's fees. Plaintiff asked the trial court to appoint counsel to represent him in the legal malpractice action. The court declined to appoint counsel and granted defendant's motion to dismiss plaintiff's amended complaint. There are three issues on appeal: (1) whether the trial court should have appointed counsel to represent plaintiff in his legal-malpractice action, (2) whether a criminal defendant who brings a legal-malpractice action against his criminal defense attorney must always allege that he is "actually innocent" of the criminal charges on which his attorney represented him, and (3) when a cause of action for legal malpractice accrues. We determine that (1) plaintiff was not entitled to appointed counsel for his legal malpractice case, (2) a criminal defendant must allege actual innocence for a legal-malpractice claim asserting that his attorney's deficient performance led to his conviction but need not so allege for a legal-malpractice claim based on a fee dispute, and (3) a legal-malpractice claim does not accrue until the client incurs damages because of the attorney's breach. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        In May 2014, plaintiff retained defendant, a criminal defense attorney, to defend him against various drug and weapon offenses. While representing plaintiff, defendant filed numerous pretrial motions and successfully moved to dismiss two of the charges against plaintiff.

¶ 4        In September 2015, after plaintiff's relationship with defendant had deteriorated, defendant moved to withdraw. Plaintiff objected. He agreed that the relationship had deteriorated; "[t]he only reason [he] want[ed defendant] on the case [was] because [he] *** paid [defendant]." The parties discussed whether, if defendant withdrew, plaintiff was entitled to any type of refund. The following exchange was had on that point:

> "THE COURT: Did you accept a flat fee for this case?
>
> [DEFENDANT]: There was a flat fee, yes.
>
> THE COURT: All right. Is there a refund that's due to Mr. Rojo?
>
> [DEFENDANT]: Judge, we've had evidentiary hearings about venue, two counts have been dismissed.
>
> THE COURT: I didn't ask you to explain it; I just asked if there is.
>
> [DEFENDANT]: I don't believe so.
>
> THE COURT: Because that impacts whether or not he's able to hire another attorney.
>
> [DEFENDANT]: Judge, I'll have to discuss that with his wife ***.

THE COURT: All right. But you charged him for start to finish. You're leaving before it's finished. He needs to hire another attorney. And he's saying he doesn't want you to be off the case because he's paid you to complete the case."

¶ 5 On September 16, 2015, the trial court granted defendant's motion to withdraw. Plaintiff then retained another attorney, the case proceeded to a jury trial, plaintiff was convicted of one of the remaining drug offenses, and the court sentenced him to 16 years' imprisonment.

¶ 6 In October 2018, plaintiff filed a *pro se* complaint against defendant for legal malpractice. Plaintiff asserted that his "[c]ivil complaint[ ]" was "based on [t]ort, [c]ontract, or otherwise [l]egal [m]alpractices [*sic*] by the [d]efendant in the course of employment." Plaintiff alleged that (1) he and his wife retained the services of defendant, (2) defendant agreed to represent plaintiff until his criminal case was resolved, (3) defendant and plaintiff's wife signed a contract for this representation, to which plaintiff consented, and (4) defendant withdrew before plaintiff's case was resolved. Plaintiff alleged that, in withdrawing before the case was completed, defendant breached his fiduciary duty to plaintiff.

¶ 7 Plaintiff asserted that, because defendant intentionally breached his fiduciary duty, plaintiff was not required to prove actual innocence in the criminal case. As support, plaintiff cited *Morris v. Margulis*, 307 Ill. App. 3d 1024 (1999).

¶ 8 Several months later, plaintiff asked the trial court to appoint counsel to represent him in the action. The trial court denied plaintiff's request. Because plaintiff failed to serve defendant with his complaint, the court continued the case.

¶ 9 Plaintiff eventually served defendant, and then defendant filed two motions to dismiss, one under section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)) and the other under 2-619 of the Code (*id.* § 2-619).

¶ 10 In the section 2-615 motion, defendant argued that plaintiff failed to allege either (1) any breach of duty that was a proximate cause of injury to defendant or (2) that he was actually innocent of the criminal case charges.

¶ 11 In the section 2-619 motion, defendant asserted that plaintiff failed to bring his suit within the two-year limitations period for legal malpractice actions. *Id.* § 13-214.3(b) (two-year limitations period); *id.* § 2-619(a)(5) (authorizing dismissal where the action was not brought within the time limited by law). Defendant alleged that three years passed from the date he withdrew from the criminal case (September 16, 2015) to the date plaintiff filed his complaint (October 23, 2018).

¶ 12 The trial court dismissed plaintiff's complaint without prejudice and granted plaintiff time to file an amended complaint.

¶ 13 Plaintiff filed an amended *pro se* complaint, captioned "Amended Complaint of Legal Malpractice." Plaintiff alleged that defendant, as plaintiff's attorney in the criminal matter, owed plaintiff a fiduciary duty and that defendant breached that duty. The complaint was not divided into separate counts, but there were two distinct breach-of-fiduciary-duty claims.

¶ 14 For the first claim, plaintiff alleged as follows. He retained defendant to represent him in his criminal case. Defendant drew up a contract memorializing the terms, to which plaintiff and his wife agreed. Defendant advised plaintiff that he would "carry out his contract to the fullest" and "complete the [p]laintiff's criminal case." Per the parties' contract, plaintiff and his wife paid defendant $10,000 for his services. Later, defendant filed a motion to withdraw as plaintiff's counsel. In support of the motion, defendant claimed that his relationship with

- 3 -

plaintiff had become antagonistic to the point that he could no longer effectively represent plaintiff. At the hearing on the motion to withdraw, in answer to the trial court's questions, defendant stated that he had charged plaintiff a flat fee for the representation and that, in defendant's view, plaintiff was not entitled to a refund. The trial court allowed defendant to withdraw, and defendant did not refund any part of the $10,000. Additionally, plaintiff paid new counsel $16,000 to $18,000 to represent him going forward.

¶ 15    For his second breach-of-fiduciary-duty claim, plaintiff alleged that, during the time defendant served as his counsel, his representation was deficient. First, defendant "would not communicate with the [p]laintiff concerning his case or promptly complying [*sic*] with the plaintiff's requests." Second, defendant "did not fully investigate the [p]laintiff's case." Plaintiff specifically alleged that defendant failed to discover that, although plaintiff was charged with conspiring with "Mr. Wallace" to sell drugs, Mr. Wallace was actually a paid informant for the State. If defendant had ascertained this fact, he would have realized that plaintiff could not be charged with conspiring with Mr. Wallace, because a State informant cannot be a coconspirator. Also, defendant did not investigate all deals that the State made with its witnesses. Third, defendant failed to obtain certain investigative documents. Fourth, defendant had plaintiff pay $2000 for a private investigator, "who did nothing in [the] case." Plaintiff alleged that, if defendant had "researched the [p]laintiff's case, the outcome would have been different."

¶ 16    As in the original complaint, plaintiff cited *Morris* and asserted that, because defendant "wilfully and intentionally" breached his fiduciary duty, plaintiff was not required to prove that he was actually innocent of the charges in the criminal case. Plaintiff alleged that defendant "wilfully and intentionally breached [his] fiduciary duties when he put in a motion to withdraw [from] [p]laintiff's case after [he] and the [p]laintiff [were] under a contract."

¶ 17    As relief, plaintiff sought compensatory damages of $38,000 and an unspecified amount of punitive damages.

¶ 18    Plaintiff attached to his amended complaint (1) a September 16, 2015, hearing transcript reflecting that the trial court permitted defendant to withdraw; (2) a May 14, 2014, "Receipt and Representation Agreement" in which defendant agreed to represent plaintiff for the sum of $10,000 and acknowledged receipt of a $6670 retainer; and (3) plaintiff's affidavit, in which he claimed that defendant never contacted him for a refund.

¶ 19    The trial court entered an order noting that defendant's motions to dismiss plaintiff's original complaint were "adopted" as motions to dismiss plaintiff's amended complaint. Plaintiff filed a reply to defendant's motions to dismiss, reiterating that (1) defendant breached his fiduciary duty as plaintiff's attorney and (2) plaintiff did not need to establish his actual innocence. Plaintiff asserted that his complaint was timely because he filed it within the six-year statute of repose for legal-malpractice claims. See *id.* § 13-214.3(c) ("Except as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred.").

¶ 20    In a written order, the trial court dismissed plaintiff's amended complaint with prejudice. However, the court did not specify the basis for the dismissal. This timely appeal followed.

## II. ANALYSIS

Broadly, this appeal presents two questions: did plaintiff have a right to counsel in his legal-malpractice case, and did the trial court err in dismissing the amended complaint? We note that defendant has not filed a brief in this court. However, since the issues are relatively simple, we may resolve them without the benefit of defendant's brief. *People v. Maberry*, 2015 IL App (2d) 150341, ¶ 8 (citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)).

### A. Appointment of Counsel

We first address whether plaintiff was entitled to court-appointed counsel in his legal-malpractice case. The sixth amendment to the United States Constitution, which applies to the states through the due process clause of the fourteenth amendment, guarantees that, "[i]n all *criminal prosecutions*, the accused shall enjoy the right *** to have the Assistance of Counsel for his defence." (Emphasis added.) U.S. Const., amends. VI, XIV. The Illinois Constitution also protects the right to counsel (Ill. Const. 1970, art. I, § 8), though the Illinois right is broader than its federal counterpart (see *People v. Campbell*, 224 Ill. 2d 80, 85 (2006)). The Illinois right to counsel, which is codified in section 113-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3(b) (West 2018)), states that "[i]n all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." Both the federal and Illinois rights to counsel attach only at the critical stages of a *criminal* proceeding. See *People v. Anderson*, 2021 IL App (2d) 190128, ¶ 22 (acknowledging that a defendant's right to counsel attaches only in criminal cases).

Although a court's denial of appointed counsel is usually reviewed for an abuse of discretion (see *People v. Cole*, 97 Ill. App. 2d 22, 27 (1968)), we consider the issue *de novo* (see *People v. Clark*, 144 Ill. App. 3d 7, 11 (1986) ("Where a person's constitutional rights turn on a legal conclusion arising from undisputed facts, it is the duty of a reviewing court to come to its own conclusions.")).

Plaintiff sought to have counsel appointed for him in his legal-malpractice action against defendant. Legal malpractice is a civil action. *Suppressed v. Suppressed*, 206 Ill. App. 3d 918, 923 (1990). A litigant in a civil action has neither a constitutional nor a statutory right to counsel. See *Ratcliffe v. Apantaku*, 318 Ill. App. 3d 621, 627 (2000). Accordingly, plaintiff was not entitled to the appointment of counsel.

### B. Dismissal of Amended Legal-Malpractice Complaint

Next, we consider if the court properly dismissed plaintiff's amended complaint. Defendant filed separate motions to dismiss, under sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2018)). Where, as here, the trial court did not specify the grounds on which it relied in granting dismissal, we presume that the court relied upon one of the grounds properly presented. *Douglas Theater Corp. v. Chicago Title & Trust Co.*, 288 Ill. App. 3d 880, 883 (1997). Thus, we determine if the dismissal was proper under either section 2-615 or section 2-619 of the Code.

¶ 29                          1. Dismissal Under Section 2-615

¶ 30       First, we address whether dismissal was proper under section 2-615 of the Code. A section 2-615 motion to dismiss challenges a complaint's legal sufficiency. *State of Illinois ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 2014 IL 116844, ¶ 8. To survive dismissal under section 2-615, a complaint must allege facts that set out all the essential elements of a cause of action. *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). The critical question is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which a court could grant relief. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 16. We review *de novo* a trial court's dismissal under section 2-615. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47.

¶ 31       To succeed in an action for legal malpractice, a plaintiff must plead and prove "(1) the existence of an attorney/client relationship; (2) a duty arising from that relationship; (3) a breach of that duty on the part of defendant/counsel; (4) proximate cause; and (5) damages." *Paulsen v. Cochran*, 356 Ill. App. 3d 354, 358 (2005).

¶ 32       The bases for defendant's section 2-615 motion were that plaintiff did not allege either (1) a breach of duty that was a proximate cause of injury to plaintiff or (2) that plaintiff was actually innocent of the charges in the criminal case.

¶ 33       We first address whether, as defendant claimed, plaintiff failed to allege a breach of duty that was a proximate cause of injury to plaintiff. Notably, defendant's section 2-615 motion to dismiss was filed against plaintiff's original complaint, and defendant later adopted that motion regarding plaintiff's amended complaint. To the extent that plaintiff's original complaint lacked specific allegations of a breach of duty, plaintiff's amended complaint remedied that deficiency. The amended complaint presented several breach-of-duty allegations missing in plaintiff's original complaint. Additionally, plaintiff alleged causation, asserting that, if defendant had "researched" plaintiff's case, the outcome of the criminal proceeding would have been different.

¶ 34       We turn to whether plaintiff was required to allege that he was actually innocent of the charges in the criminal case. Illinois cases recognize that, generally, a criminal defendant who sues his criminal defense attorney for legal malpractice must also plead and prove that he is actually innocent of the charges in that criminal case. *Kramer v. Dirksen*, 296 Ill. App. 3d 819, 821 (1998). This additional element is necessary to eliminate the possibility that someone found guilty of a crime would profit from his criminal activity. *Id.* (citing *Levine v. Kling*, 123 F.3d 580, 582 (7th Cir. 1997) (tort law allows damages only for harms to a plaintiff's legally protected interests, and the liberty of a *guilty* criminal is not one of them)). Thus, "[a] plaintiff who wants to sue his former criminal defense counsel for [legal] malpractice must prove his innocence—a requirement he cannot meet unless his conviction has been overturned." *Paulsen*, 356 Ill. App. 3d at 359.

¶ 35       Here, plaintiff has not had his conviction overturned. Indeed, he has not even alleged that he is actually innocent. However, as we have detailed, plaintiff's legal-malpractice complaint sets out two distinct grounds for relief. One is that defendant's performance while representing plaintiff was deficient in various respects. The other is that defendant withdrew prematurely from the case. Plaintiff alleged that, not only did the withdrawal require plaintiff to pay new counsel to represent him, defendant also refused to refund any of the $10,000 fee that plaintiff had paid. Plaintiff sought $38,000 in compensatory damages and an unspecified amount of punitive damages.

- 6 -

¶ 36    No Illinois case has addressed whether the actual-innocence rule applies to a legal-malpractice claim based on a fee dispute. However, our research found *Winniczek v. Nagelberg*, 394 F.3d 505 (7th Cir. 2005), which we find very persuasive.

¶ 37    In *Winniczek*, the plaintiff hired a criminal defense attorney to defend him against federal charges alleging his involvement in a fraudulent scheme to help people obtain commercial drivers' licenses. *Id.* at 506. The attorney assured the plaintiff that he had a good defense to the charges, and the plaintiff paid the attorney $170,000 to represent him. *Id.* at 506-07. After the attorney was fully paid, he then told the plaintiff that he would not try the case. *Id.* at 507. The attorney recommended pleading guilty because, when represented by prior counsel, the plaintiff had made statements to the authorities that undermined any defense that the plaintiff might present. *Id.* The plaintiff obtained a new defense attorney, pleaded guilty, and was sentenced to 22 months' imprisonment. *Id.*

¶ 38    Thereafter, the plaintiff sued the attorney in federal district court.[1] Count I alleged breach of contract/breach of fiduciary duty in that the defendant overcharged the plaintiff for legal services. *Id.* at 508-09. Count II alleged legal malpractice in that the attorney's neglect of the case led to the plaintiff's conviction. *Id.* Nowhere in his complaint did the plaintiff allege that he was actually innocent of the crimes of which he was convicted. *Id.* at 507. The federal district court dismissed the plaintiff's complaint in its entirety based on the plaintiff's failure to allege actual innocence. *Id.* at 506-08.

¶ 39    The Seventh Circuit Court of Appeals affirmed the dismissal of count II but reversed the dismissal of count I. *Id.* at 510. The court began its analysis by noting the general difference in how Illinois courts treat a legal-malpractice action arising from a civil case and one from a criminal case. *Id.* at 507. To succeed on a claim of legal malpractice for the negligent handling of a civil case, "all [the plaintiff] has to prove is that he would have won had it not been for the lawyer's negligence." *Id.* By contrast, the court observed:

> "a criminal defendant cannot bring a suit for malpractice against his attorney *merely* upon proof that the attorney failed to meet minimum standards of professional competence and that had he done so the defendant would have been acquitted on some technicality; the defendant (that is, the malpractice plaintiff) must *also* prove that he was actually innocent of the crime." (Emphases added.) *Id.*

The court proposed an explanation for the difference:

> "The reason for the difference is not that criminals are disfavored litigants, though there are hints of such a rationale in some cases. [Citations.] It is that the scope for collateral attacks on judgments is broader in criminal than in civil matters. A criminal defendant can establish ineffective assistance of counsel, the counterpart to malpractice [citations], and thus get his conviction vacated, by proving that had it not been for his lawyer's failure to come up to minimum professional standards, he would have been acquitted. He can do this even if, as in a case in which his only defense was that illegally seized evidence had been used against him, the ground for acquittal would have been unrelated to innocence. [Citations.] Since a criminal defendant thus has a good remedy for his lawyer's malpractice—namely to get his conviction voided—he has less need for a damages remedy than the loser of a civil lawsuit, who would have no chance of

---

[1]The basis for federal jurisdiction was that the parties were citizens of different states. *Winniczek*, 394 F.3d at 510. All causes of action in the complaint were brought under Illinois law. *Id.* at 507, 510.

getting the judgment in the suit set aside just because his lawyer had booted a good claim or defense." *Id.* at 507-08.

The court suggested that "the logic of the 'actual innocence' rule does not extend to a case in which the complaint is not that the plaintiff lost his case because of his lawyer's negligence, but that he was overcharged." *Id.* at 508.

¶ 40 Applying these principles to the facts before it, the Seventh Circuit held that the absence of an actual-innocence allegation barred count II but not count I. Count II alleged that the attorney's neglect resulted in the plaintiff's criminal conviction, but count I alleged simply that the plaintiff was overcharged. *Id.* at 508-09. In count I, the plaintiff "[did] not try[ ] to blame [the attorney] for the fact that [the plaintiff] was convicted." *Id.* at 509. The court used a hypothetical to illustrate why count I was not subject to the actual-innocence rule:

"To see why count [I] is not about malpractice, imagine that [the defendant] had promised to represent [the plaintiff] for a fee of $50,000, plus $25,000 in prepaid expenses of which any amount not expended was to be returned to [the plaintiff]. Suppose further that [the defendant] had done a superb though ultimately unsuccessful job in representing [the plaintiff] but had incurred expenses of only $5,000 and refused to refund the balance of the $25,000 in prepaid expenses. There would be no malpractice, in the sense of incompetent representation—and there would be nothing in the thinking behind the actual-innocence rule to suggest that [the plaintiff] should not be allowed to enforce his contract just because he had been convicted. So we are not surprised that the courts that have confronted this type of case—no Illinois court has—have held that the actual-innocence rule is not a bar. ***

*We expect that if and when such a case is presented to an Illinois court, it will decide it the same way.*" (Emphasis added.) *Id.* at 508-09.

¶ 41 The present case presents the opportunity *Winniczek* envisioned, and we take the position that the Seventh Circuit anticipated we would. Plaintiff's legal-malpractice action is based on two distinct theories that parallel the two counts in *Winniczek*. Plaintiff alleged that (1) defendant's representation of plaintiff was deficient and that this led to plaintiff's conviction and (2) defendant owed plaintiff compensation for withdrawing from the case prematurely, refusing to refund fees paid, and forcing plaintiff to pay for new counsel. Consistent with *Winniczek*, we hold that the absence of an actual-innocence allegation barred the legal-malpractice claim asserting that defendant's deficient performance led to plaintiff's conviction. However, the absence of an actual-innocence allegation did not bar the legal-malpractice claim seeking reimbursement of fees. That claim, unlike the deficient-performance claim, did not blame defendant for plaintiff's conviction.

¶ 42 Plaintiff argues that, under *Morris*, he was not required to prove actual innocence, given his allegation that defendant intentionally breached his fiduciary duty to plaintiff. In *Morris*, the plaintiff's defense attorney "intentionally work[ed] to insure [the plaintiff's] conviction" by helping the State prepare its cross-examination of the plaintiff. *Morris*, 307 Ill. App. 3d at 1039. The attorney apparently did so to minimize his own potential criminal exposure. *Id.* at 1038. The appellate court held that, under those circumstances, the plaintiff was not required to prove actual innocence in his legal-malpractice suit against the attorney. *Id.* at 1039. The court reasoned that the actual-innocence rule "will not be applied to situations where an attorney willfully or intentionally breaches the fiduciary duties he owes to his criminal defense

- 8 -

client." *Id.* The supreme court reversed the decision in *Morris*, but on different grounds. See *Morris v. Margulis*, 197 Ill. 2d 28 (2001).

¶ 43 *Morris* is readily distinguishable. The only "wilful[ ] and intentional[ ]" act plaintiff alleged of defendant was his withdrawal from plaintiff's case. A court-permitted withdrawal from a case is nothing like the sabotage and betrayal present in *Morris*. We decline to extend *Morris* to these facts. We conclude that the actual-innocence rule bars plaintiff's legal-malpractice claim alleging that defendant's deficient performance led to plaintiff's criminal conviction.

¶ 44 We turn to whether defendant presented grounds under section 2-619(a)(5) to dismiss defendant's malpractice claim seeking reimbursement of fees.

¶ 45 2. Dismissal Under Section 2-619(a)(5)

¶ 46 "A motion to dismiss [filed] under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect." *Brummel v. Grossman*, 2018 IL App (1st) 162540, ¶ 22. "The failure to act within the time provided by law is an affirmative matter ***." *Id.* Under section 2-619(a)(5), a defendant may move to dismiss a complaint if the complaint is not filed within the statute of limitations. 735 ILCS 5/2-619(a)(5) (West 2018). The defendant has the initial burden of proving that the complaint is time-barred. *Brummel*, 2018 IL App (1st) 162540, ¶ 23. Once the defendant has met that burden, the plaintiff bears the burden of setting forth facts sufficient to avoid the statutory limitation. *Id.*

¶ 47 On appeal from a dismissal under section 2-619, we must consider "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993). We review *de novo* a trial court's dismissal under section 2-619. *Brummel*, 2018 IL App (1st) 162540, ¶ 24.

¶ 48 As noted, defendant moved to dismiss under section 2-619(a)(5), alleging that the statute of limitations had run before plaintiff sued defendant for legal malpractice. Section 13-214.3(b) of the Code (735 ILCS 5/13-214.3(b) (West 2018)) sets forth the limitations period for legal malpractice actions. In relevant part, it provides:

"An action for damages based on tort, contract, or otherwise *** against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." *Id.*

¶ 49 Defendant contended that the two-year limitations period had run because more than two years had passed between defendant's withdrawal from the criminal case (September 16, 2015) and the filing of the legal-malpractice action (October 23, 2018). Defendant would be correct if the cause of action for legal malpractice accrued when defendant withdrew from the criminal case and thereby, in plaintiff's view, breached his fiduciary duty to plaintiff. Defendant might also be correct if the record reflected that he *refused* to give plaintiff any type of refund when he withdrew. The record, however, does not reflect that defendant refused to give plaintiff a refund upon withdrawing. Under the case law, as we will show, plaintiff's cause of action accrued at some point after defendant withdrew.

¶ 50    Instructive on this point is *Goran v. Glieberman*, 276 Ill. App. 3d 590 (1995). There, the trial court dissolved the marriage of a husband and wife. *Id.* at 591. The wife hired Glieberman to represent her in an appeal from that dissolution judgment. *Id.* Glieberman filed an opening brief and then was allowed to withdraw. *Id.* The wife subsequently hired two other attorneys to represent her. *Id.* The opening brief and record Glieberman filed were both stricken for noncompliance with court rules. *Id.* at 591-92, 595. The wife's new attorneys filed a compliant opening brief and record; they also filed a reply brief and participated in oral argument. *Id.* at 591-92. After losing her appeal, the wife—with her new attorneys' help—sued Glieberman for legal malpractice. *Id.* at 592. Glieberman, in turn, sued the wife's new attorneys for contribution. *Id.* The new attorneys moved to dismiss Glieberman's complaint for contribution, arguing that the limitations period for a contribution claim had run. *Id.* The trial court granted the motion to dismiss, and Glieberman appealed. *Id.*

¶ 51    At issue on appeal was whether the limitations period for legal malpractice had run when Glieberman filed his complaint for contribution, as the same statute of limitations governed both that action and the underlying action. *Id.* In resolving the issue, the appellate court first observed that a cause of action for legal malpractice does not accrue when the attorney breaches the duty he owed his client. *Id.* at 594. Rather, as section 13-214.3(b) provides, a cause of action for legal malpractice accrues when "the plaintiff knows or reasonably should know of his injury and that it was caused wrongfully." *Id.* at 595. The court determined that the wife's cause of action did not accrue when she paid the new attorneys $11,000 to review the record. *Id.* at 595-96. Those fees "[were] not actionable as a result of Glieberman's neglect but [were] simply incurred as a result of his permitted withdrawal from the case." *Id.* at 596. Rather, "actionable damages" were incurred when the wife paid the new attorneys $1297 to bring the opening brief and record into compliance. *Id.* At that point, the wife knew or should have known of her cause of action. *Id.* Because the court in *Goran* could review the record from the underlying dissolution proceeding to see when the wife paid her new attorneys, the court could determine, as a matter of law, the date the wife's cause of action for legal malpractice accrued. *Id.* ("Although the question of the time at which a party has or should have requisite knowledge *** to maintain a cause of action is ordinarily a question of fact [citation], in ruling on a 2-619 motion, where the facts are undisputed and only one conclusion is evident, the court may determine the date of the commencement of the statute of limitations as a matter of law.").

¶ 52    Here, defendant's motion to dismiss identified his withdrawal from the case as the date that the cause of action accrued. Certainly, in plaintiff's view, defendant breached his fiduciary duty when he withdrew from the case. However, the position "that a cause of action for legal malpractice accrues at the time of the attorney's breach of duty[ ] is no longer viable." *Id.* at 594. Rather, as this court has noted, "[a] cause of action for legal malpractice does not accrue until the client discovers or should discover the facts establishing the elements of his cause of action." *Profit Management Development, Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 309 Ill. App. 3d 289, 308 (1999). "Actual damages are an essential element of a cause of action for attorney malpractice; with no damages, no cause of action has accrued." *Id.* Thus, plaintiff's cause of action could not have accrued until he incurred actual damages by paying a new attorney to represent him in his criminal case. The problem for defendant is that—unlike in *Goran*, where the appellate court was able to ascertain from the records of the underlying dissolution action when the wife paid her new attorneys—nothing before us sheds light on

when plaintiff paid his new attorney to represent him in his criminal case. This is an unresolved question of fact that precludes the dismissal of plaintiff's complaint. *Kedzie & 103rd Currency Exchange, Inc.*, 156 Ill. 2d at 116-17. Moreover, even assuming that plaintiff's cause of action sounds in breach of contract and not legal malpractice, his cause of action would not be barred by the statute of limitations, as it was brought a little over three years after defendant withdrew. See 735 ILCS 5/13-206 (West 2018) ("[A]ctions on *** written contracts *** shall be commenced within 10 years next after the cause of action accrued ***.").

¶ 53　　We stress that, since defendant bore the initial burden of proving that plaintiff's action was time-barred, we must hold against defendant the uncertainty as to when plaintiff paid his new attorney to represent him in his criminal case. See *Brummel*, 2018 IL App (1st) 162540, ¶ 23. We conclude that defendant's motion to dismiss under section 2-619 did not establish that plaintiff's legal-malpractice claim seeking reimbursement for fees was time-barred.

¶ 54　　　　　　　　　　　　　　　III. CONCLUSION

¶ 55　　For these reasons, we affirm in part and reverse in part the judgment of the circuit court of Du Page County, and we remand the cause.

¶ 56　　Affirmed in part and reversed in part.

¶ 57　　Cause remanded.